# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DAVID W. MYERS, II**                                                                                       **PLAINTIFF**

**VERSUS**                                                                                            **CIVIL NO. 1:25cv16 HSO-BWR**

**UNIVERSAL ENVIRONMENTAL SERVICES,**
**LLP; LIQUID ENVIRONMENTAL SOLUTIONS**
**OF TEXAS, LLC; JAMES B. PATRICK;**
**JOHN DOE DEFENDANTS A-K;**
**JOHN DOE DEFENDANTS L-Q; and**
**JOHN DOE DEFENDANTS R-Z.**                                                                  **DEFENDANTS**

## COMPLAINT
## JURY TRIAL REQUESTED

COMES NOW Plaintiff, David W. Myers, II, by and through undersigned counsel, Reeves and Mestayer, PLLC, and files this Complaint against the Defendants, Universal Environmental Services, LLP, Liquid Environmental Solutions of Texas, LLC, James B. Patrick, and John Doe Defendants A-K, John Doe Defendants L-Q, and John Doe Defendants R-Z, and in support thereof would show to the Court the following:

## VENUE AND JURISDICTION

1.   Venue is proper in the United States District Court for the Southern District of Mississippi, Southern Division, pursuant to 28 U.S.C. § 1391 in that this action arises within this judicial district and division.

2.   The United States District Court for the Southern District of Mississippi, Southern Division, has original jurisdiction pursuant to 28 U.S.C. § 1332 because the Defendants are incorporated, and has their principal place of business in the State of

Texas and State of Georgia. The amount in controversy exceeds the sum or value of $75,000.00.

## PARTIES

3. Plaintiff, David W. Myers, II, is an adult resident citizen of the State of Mississippi.

4. Defendant, Universal Environmental Services, LLC ("Universal Environmental") is a is a corporation organized, existing and incorporated under the laws of the State of Georgia and has its principal place of business in the State of Georgia and may be served with process upon its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

5. Defendant, Liquid Environmental Solutions of Texas, LLC (Liquid Environmental") is a is a corporation organized, existing and incorporated under the laws of the State of Texas and has its principal place of business in the State of Texas and may be served with process upon its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant, James B. Patrick ("Patrick"), is an adult residence citizen of McLennan County in the State of Texas and may be served with process at his residence of 3302 Harrison Street, Waco, Texas 76705, or wherever he may be found. At all relevant times, he was acting within the course and scope of his employment with the Defendants, Universal Environmental and/or Liquid Environmental.

7. The Defendants are the registered owners of the commercial tractor and trailer involved in this collision.

8. John Doe Defendants A-K are the owners or operators of any vehicle which caused and/or contributed to the accident causing the injuries of the Plaintiff, and are the person or persons, firm or corporation who negligently cause or contributed to the accident that is the basis of this case and/or the injuries of the Plaintiff and whose names and true identities are otherwise unknown at this time but who will be added by amendment when ascertained.

9. John Doe Defendants L-Q are the persons or entities who caused and/or contributed to the subject incident and damages to the Plaintiff by negligently servicing or repairing the vehicles involved. These Defendants' negligent, intentional, and/or fraudulent conduct was a proximate cause of the Plaintiff's injuries and whose names and true identities are otherwise unknown at this time but who will be added by amendment when ascertained.

10. John Doe Defendants R-Z are the person or entities that designed, manufactured, and/or warranted the vehicles or components parts of vehicles involved in this subject incident. These Defendants placed defective products into the stream of commerce which were unreasonably dangerous and contributed to the subject incident and subsequent injuries and damages to the Plaintiff and whose names and true identities are otherwise unknown at this time but who will be added by amendment when ascertained.

## **FACTS**

11. On November 19, 2022, at approximately 4:35 p.m., on Interstate 10 between Exit 61 and Exit 57, in Jackson County, Mississippi, the Plaintiff was traveling westbound in the right lane.

12. At the same time, the Defendant Patrick was operating a Peterbilt 363 tanker truck owned by the Defendants. Defendant Patrick and was traveling at a high rate of speed in the middle lane on Interstate 10, when he improperly merged into the right lane without proper clearance, struck the Plaintiff's vehicle and forced him off of the Interstate.

13. The collision and resulting injuries to the Plaintiff were a direct result of Defendant's actions and inactions. As a result, the Plaintiff has suffered severe injuries and damages, as more fully stated herein.

## COUNT I

14. The Plaintiff re-alleges every preceding paragraph of this Complaint and incorporates the same by reference herein.

15. The Defendants had a duty to act reasonably under the circumstances but failed to do so.

16. The Defendants named herein are guilty of negligence and gross negligence in one or more of the following respects:

   A. Failure to drive safely;

   B. Failure to keep the vehicle in the proper lane;

   C. Failure to yield the right of way;

   D. Failure to adhere to the rules of the road;

   E. Failure to maintain safe driving habits;

   F. Failure to safely maintain the commercial vehicle;

   G. Operating their vehicle in a reckless fashion;

   H. Failure to maintain proper lookout;

    I.      Failure to comply with industry driving standards;

    J.      Negligence per se for the violation of applicable laws and regulations;

    K.      Failure to properly train drivers;

    L.      Failure to hire safe responsible drivers;

    M.      Failure to adequately supervise drivers;

    N.      Violation of state and federal statutes and regulations, including but not limited to 49 C.F.R. §§350 to 399;

    O.      Failure to act reasonably in hiring and retaining drivers;

    P.      Failure to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe;

    Q.      Driving at an excessive speed; and

    R.      Other acts and omissions which will be demonstrated at trial.

17.    The negligence of the Defendants set forth hereinabove combined and concurred to proximately cause the injuries and damages suffered by Plaintiff.

## COUNT II

18.    The Plaintiff re-alleges every preceding paragraph of this Complaint and incorporates the same by reference herein.

19.    The actions of the Defendants as set forth hereinabove constitute gross negligence and demonstrate a reckless disregard by the Defendants for the Plaintiff and those similarly situated. Said actions were undertaken without regard for the rights of the Plaintiff for which punitive damages are demanded and justified.

## DAMAGES

20.    The Plaintiff re-alleges each and every preceding paragraph of this Complaint and incorporates same by reference herein.

21. As a direct and proximate consequence of the above described gross, willful, wanton, and/or negligent acts of these Defendants proximately resulting in the injuries and damages Plaintiff seeks recovery of all available damages including, but not limited to:

   a. Hospital bills, doctor bills, prescription bills and other medical related expenses which have been incurred and which will continue to be incurred in the future;

   b. Past and future lost wages and wage earning capacity;

   c. Past and future pain and suffering;

   d. Past and future emotional distress;

   e. Past and future loss of enjoyment of life;

   f. Past and future mental anguish;

   g. Temporary and permanent physical impairment, disability, and disfigurement;

   h. Punitive damages in an amount to be determined by a jury in this case;

   i. Any and all damages allowed by law; and

   j. Such other damages as will be shown at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court awards Plaintiff compensatory damages and punitive damages against these Defendants, jointly and severally in amounts that are just and equitable as proven by the evidence, such amounts being in excess of the jurisdictional limits of this Court including costs, reasonable attorney fees and pre- and post-judgment interest; and provide for such other and further relief in favor of the Plaintiff as the Court shall deem just and equitable.

DATE:  This the 23rd day of January 2025.

                                                  David W. Myers, II, Plaintiff

BY:  __/s/ Jim Reeves_____
      JIM REEVES, MSBN: 9519

REEVES & MESTAYER
P.O. Drawer 1388
Biloxi, MS 39533
Tel:   228-374-5151
Fax:   228-374-6630
Email: jrr@rmlawcall.com